[Cite as *State v. Littlejohn*, 2016-Ohio-3040.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    27930 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEANDRE LITTLEJOHN | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR 14 09 2902 |

DECISION AND JOURNAL ENTRY

Dated: May 18, 2016

HENSAL, Judge.

{¶1}    Leandre Littlejohn appeals a judgment of the Summit County Court of Common Pleas that convicted and sentenced him for possession of cocaine and failure to comply with the order or signal of a police officer.  For the following reasons, this Court affirms.

I.

{¶2}    Officer Andrew Hughes testified that he was on patrol one evening when he saw a vehicle with front windows that appeared to be tinted too heavily.  The vehicle was registered to Desire Littlejohn.  Officer Hughes pulled the vehicle over and approached on the driver's side while his partner approached on the passenger's side.  When he reached the front door, Officer Hughes noticed that the driver had long hair, light-colored eyes and gold teeth.  After Officer Hughes asked the driver for his license and insurance information, the driver produced an insurance card with the name "Leandre Littlejohn."  As the man continued searching for his

license, Officer Hughes asked him to roll his window halfway up so that he could use a device to check the tint of the window.

{¶3} As he was explaining what he wanted the driver to do, Officer Hughes noticed a bag of suspected cocaine in the armrest of the driver's door. He immediately grabbed the bag and asked the driver to step out of the vehicle. The driver drove away instead. Officer Hughes testified that they did not pursue the vehicle because they were in a residential neighborhood and the driver had not committed a violent offense. Instead, armed with the substance they had seized, they looked up Leandre Littlejohn's photograph in the state's computer system and confirmed that he was the man who they had stopped.

{¶4} The Grand Jury indicted Mr. Littlejohn for possession of cocaine, obstructing official business, and failure to comply with the order or signal of a police officer. A jury found him guilty of the offenses. At sentencing, the trial court merged the obstruction and failure-to-comply offenses and sentenced Mr. Littlejohn to one year imprisonment. Mr. Littlejohn has appealed, assigning as error that his convictions are against the manifest weight of the evidence.

II.

ASSIGNMENT OF ERROR

LEANDRE LITTLEJOHN'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, MERITING REVERSAL.

{¶5} Mr. Littlejohn argues that the jury's finding that he was the one driving the vehicle is against the manifest weight of the evidence. If a defendant asserts that his convictions are against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶6} Mr. Littlejohn argues that the officers' testimony was conflicting. He notes that Officer Hughes testified that he could smell the odor of marijuana when the driver rolled down his window. His partner, however, testified that he did not notice such an odor. Neither officer saw any marijuana or its paraphernalia in the vehicle. Mr. Littlejohn also contends that the officers were inconsistent about how long the stop occurred, the content of Officer Hughes's conversation with the driver, and whether the driver said anything to Officer Hughes after being asked to step out of the vehicle.

{¶7} Mr. Littlejohn argues that the officers' testimony also was not plausible. Officer Hughes testified that he remembered the driver's eye color, yet could not recall if the driver was wearing glasses. He also could not remember what the driver was wearing or whether the driver had any markings on his neck. Officer Hughes's partner, meanwhile, testified that he noticed the driver had gold teeth when the driver answered one of Officer Hughes's questions. He could not remember, however, whether the driver had his hair pulled back, whether he had a goatee, or whether he had any tattoos or other markings.

{¶8} Mr. Littlejohn further argues that, even if the officers' observations were accurate, the evidence he presented in support of his defense undermined the reliability of their observations. In particular, Mr. Littlejohn notes that his sister, the owner of the vehicle, testified that she allows any of her brothers to use it. She also testified that they have another brother who

looks remarkably like Mr. Littlejohn. That brother has the same hairstyle as Mr. Littlejohn and removable gold teeth, and could have obtained Mr. Littlejohn's insurance card at some point. According to Mr. Littlejohn, it would not make sense for someone who had already given the police a card with his name on it to then flee.

{¶9} The fact that Officer Hughes's partner did not detect the odor of marijuana could be because the driver of the vehicle only "cracked" the window on that side of the vehicle. The small opening in the otherwise tinted window could also reasonably explain why Officer Hughes's partner was not able to see the driver as well as Officer Hughes. We note that the officers' estimates about the length of the stop are only slightly different than each other. It is also reasonable that the partner did not hear most of the conversation between Officer Hughes and the driver because he was behind the vehicle during part of the stop and was on the opposite side of the vehicle during the remainder of the conversation. As far as what the officers remembered about the driver's description, it made sense for Officer Hughes to focus on details that do not change regularly such as eye color, teeth color, and hair length instead of what the driver was wearing that particular day or whether the driver had glasses on at the time of the stop.

{¶10} Regarding the possibility that it was one of Mr. Littlejohn's brothers who was driving the vehicle, we note that Mr. Littlejohn did not introduce a picture of his brother to corroborate his sister's testimony. "A conviction is not against the manifest weight because the jury chose to credit the State's version of events." *State v. Peasley*, 9th Dist. Summit No. 25062, 2010-Ohio-4333, ¶ 18. Upon review of the record, we conclude that this is not the extraordinary case in which the evidence weighed heavily in favor of Mr. Littlejohn or where the jury clearly

lost its way when it convicted him of the offenses. *See id.* Mr. Littlejohn's assignment of error is overruled.

### III.

{¶11} Mr. Littlejohn's convictions are not against the manifest weight of the evidence. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

KRISTEN KOWALSKI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.